# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-613V
Filed: June 12, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
WILLIAM GOULD,

       Petitioner,

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Joint Stipulation on Damages;
Influenza Vaccine or Flu Vaccine;
Guillain-Barré Syndrome ("GBS");
Special Processing Unit ("SPU");

*Lawrence R. Cohan, Esq.*, Anapol, Schwartz, et al., Philadelphia, PA, for petitioner.
*Linda Sarah Renzi, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On July 15, 2014, William Gould filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered Guillain-Barré syndrome (GBS) resulting from the influenza vaccine he received on January 4, 2013. Petition at 1; Stipulation, filed June 12, 2015, ¶¶ 1-2, 4. Petitioner further alleges that he experienced the residual effects of GBS for more than six months. Petition, ¶ 24; Stipulation, ¶ 4. Respondent denies that the influenza vaccination caused petitioner's GBS or any other injury. Stipulation, ¶ 6.

Nevertheless, the parties have agreed to settle the case. Stipulation, ¶ 7. On June 12, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent agrees to pay petitioner a lump sum of **$190,000.00** in the form of a check payable to petitioner, William Gould.  Stipulation, ¶ 8.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). *Id.*

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WILLIAM GOULD,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent. | No. 14-613V<br>Chief Special Master<br>Denise K. Vowell<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, William Gould, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu immunization on January 4, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as the result of the administration of the flu vaccine, and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's GBS, or any other injury,

and denies that his current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $190,000.00, in the form of a check payable to petitioner, William Gould. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. The payment made pursuant to paragraph 8 and any amounts awarded pursuant to

2

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on January 4, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about July 15, 2014 in the United States Court of Federal Claims as petition No. 14-613V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of

3

this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS, or any other injury or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature: William Gould]*
WILLIAM GOULD

| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| *[signatures: David Carney & Lawrence R. Cohan]* | *[signature: Vincent J. Matanoski by Katherine E.]* |
| DAVID J. CARNEY | VINCENT J. MATANOSKI |
| Anapol Schwartz | Deputy Director |
| 1710 Spruce Street | Torts Branch |
| Philadelphia, Pennsylvania 19103 | Civil Division |
| (215) 790-4567 | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, DC 20044-0146 |
| *[signature]* | *[signature: Linda Renzi]* |
| A. MELISSA HOUSTON M.D., M.P.H., FAAP | LINDA S. RENZI |
| Director, Division of Injury | Senior Trial Counsel |
| Compensation Programs (DICP) | Torts Branch |
| Healthcare Systems Bureau | Civil Division |
| U.S. Department of Health | U.S. Department of Justice |
| and Human Services | P.O. Box 146 |
| 5600 Fishers Lane | Benjamin Franklin Station |
| Parklawn Building, Mail Stop 11C-26 | Washington, DC 20044-0146 |
| Rockville, MD 20857 | Tel: (202) 616-4133 |

Dated: June 12, 2015